UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

THE STATE OF LOUISIANA,　　　　　　　　　CIVIL ACTION
Ex rel JAMES D. "BUDDY" CALDWELL
Attorney General

　　　　　　　　　　　　　　　　　　　　　　NO. 14-490-SDD-RLB
VERSUS

FRESENIUS MEDICAL CARE
HOLDINGS, INC. d/b/a FRESENIUS
MEDICAL CARE NORTH AMERICA, et al.

## RULING & ORDER

　　　This matter is before the Court on the *Motion to Stay Further Proceedings Pending JPML Ruling on Transfer*[1] by Defendants, Fresenius Medical Care Holdings, Inc. d/b/a Fresenius Medical Care North America; Fresenius USA, Inc.; Fresenius USA Manufacturing, Inc.; and Fresenius USA Marketing, Inc. (collectively "Fresenius" or "Defendants").  Plaintiff, State of Louisiana through Attorney General James D. "Buddy" Caldwell ("Plaintiff"), has opposed the motion[2] and also filed a *Motion to Temporarily Stay Proceedings and Continue Plaintiff's Deadline to File Its Opposition to Defendant's Motion to Dismiss*,[3] which Fresenius has opposed.[4]  Before the Court is also a *Motion to Remand*[5] filed by Plaintiff, and a *Motion to Dismiss for Failure to State a Claim*[6] by Defendants.  The

---

[1] Rec. Doc. No. 15.

[2] Rec. Doc. No. 31.

[3] Rec. Doc. No. 29.

[4] Rec. Doc. No. 32

[5] Rec. Doc. No. 6.

[6] Rec. Doc. No. 19.

Doc 2044　　　　　　　　　　　　　　1

Court has granted Plaintiff's motion for an extension of time to respond to the *Motion to Dismiss* so the Court can address the *Motion to Stay*.[7]

I.  **BACKGROUND**

In March of 2013, the Judicial Panel on Multidistrict Litigation ("JPML") created a multidistrict litigation ("MDL") proceeding in the District of Massachusetts for federal actions involving product liability claims against Fresenius arising out of the use of NaturaLyte and GranuFlo, products made by Fresenius and used in hemodialysis treatment.[8] Fresenius contends that there are more than 1,900 actions currently pending in the MDL, captioned *In re Fresenius GranuFlo/NaturaLyte Dialysate Products Liability Litigation*, No. 1:13-md-02428-DPW (D. Mass.). The Master Complaint includes various causes of action including, *inter alia*, negligent failure to warn, negligent misrepresentation, breach of warranty, fraud, and violation of consumer protection laws. Fresenius contends the MDL also includes cases originally filed in Louisiana and other cases involving Louisiana parties. Additionally, Fresenius contends the MDL court has already considered and resolved several threshold jurisdictional issues, including issues arising in cases removed from state court. The MDL also includes another state-attorney general action from Mississippi.

Fresenius claims this action is similar, although not identical, to the hundreds of actions already transferred to the MDL. The *Petition* in this matter asserts causes of action for alleged violations of Louisiana's unfair trade practices and consumer protection law, the

---

[7] Rec. Doc. No. 36.

[8] *See In re Fresenius GranuFlo/NaturaLyte Dialysate Prods. Liab. Litig.*, 935 F.Supp.2d 1362 (J.P.M.L. 2013)("All actions involve factual questions relating to whether GranuFlo and NaturaLyte were defectively designed or manufactured, whether Fresenius, the manufacturer of these dialysate products, knew or should have known of the alleged propensity of these products to cause injury, and whether it provided adequate instructions and warnings with these products.") *Id.* at 1363.

Medical Assistance Programs Integrity Law, for false advertising, negligent misrepresentation, unjust enrichment, redhibition, and fraud. Fresenius contends other cases in the MDL court have asserted similar claims with exception of the Medical Assistance Programs Integrity Law.

Following removal of this case from state court, Plaintiff promptly filed a *Motion for Remand*, for which it seeks expedited consideration. On August 13, 2014, the JPML issued a conditional transfer order[9] for this action, finding that it involves questions of fact that are common to the actions previously transferred. Plaintiff filed an opposition to this order by the MDL court and has also moved to vacate the conditional transfer order, which is currently pending before the MDL court.

Fresenius seeks a stay of the proceedings in this Court pending a final ruling of the JPML regarding the transfer of this case to the MDL court. Fresenius argues that a stay will advance the purpose of judicial economy and eliminate the potential for conflicting pretrial rulings. Fresenius cites several cases where the federal district courts have withheld ruling on motions to remand while the JPML considered a transfer.[10] Further, Fresenius argues that simply because the claims in this case are not entirely identical to those currently pending before the MDL does preclude transfer under 28 U.S.C. § 1407. Courts have held that "[t]ransfer under Section 1407, however, does not require a complete identity or even majority of common factual issues as a prerequisite to transfer."[11]

---

[9] (CTO-65).

[10] Rec. Doc. No. 15-1, p. 6.

[11] *In re National Sec. Agency Telecommunications Records Litig.*, 444 F.Supp.2d 1332, 1334 (J.P.M.L. 2006).

Doc 2044    3

Plaintiff contends that it is improper to stay these proceedings prior to deciding the remand because it contends neither the MDL court nor this Court have jurisdiction over this matter. Because jurisdiction is a threshold matter, Plaintiff argues it is improper that it not be considered first priority. Finally, Plaintiff contends it will be prejudiced by a stay because it has a "sovereign right to pursue its state law claims in state court."[12] Plaintiff complains it "may be forced to sit in a court lacking jurisdiction for an unknown duration."[13]

## II.  ANALYSIS

A district court has the inherent power to stay its proceedings. This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[14] This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."[15] When determining whether to exercise its discretion to stay proceedings, "relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated."[16]

The Court finds, as have several other courts, that the transferee judge will have the

---

[12] Rec. Doc. No. 31, p. 11.

[13] *Id.*

[14] *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936).

[15] *Id.* at 254–55.

[16] *Rizk v. DePuy Orthopaedics, Inc.*, No. 11-2272, 2011 WL 4965498 at *2 (E.D. La. Oct. 19, 2011), citing *La. Stadium & Exposition Dist. v. Fin. Guar. Ins. Co.*, No. 09–235, 2009 WL 926982, at *1 (E.D.La. Apr. 2, 2009) (citation omitted).

power to determine the question of remand.[17] Thus, "regardless of the outcome of the MDL panel's decision regarding the transfer of this case, plaintiff's motion to remand will be resolved."[18] The Court further finds that these jurisdictional challenges can be heard and resolved by a single court. Thus, after considering and balancing the relevant factors in this matter, the Court finds that the policies of efficiency and consistency in pre-trial rulings are furthered by a stay of these proceedings pending the MDL panel's decision.

## III. CONCLUSION

For the foregoing reasons, the *Motion to Stay Further Proceedings Pending JPML Ruling on Transfer*[19] is GRANTED and the above captioned matter is STAYED.[20]

Signed in Baton Rouge, Louisiana, on <u>September 9, 2014</u>.

*Shelly D. Dick*
_____
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[17] *Reichert v. Mark Starring and Associates, Inc.*, No. 11-2171, 2011 WL 5078279, at *2 (E.D. La. Oct. 26, 2011)(citing *Boudreaux v. Metropolitan Life Ins. Co.*, 1995 WL 83788, *2 (citing *In re Air Crash Disaster at Florida*, 368 F.Supp. 812, 813 (JPML 1973)); *see also Harper v. DePuy Orthopaedics, Inc.,* 2011 WL 3049082, *9 (N.D.Ohio Jul. 25, 2011) (denying an Alabama plaintiff's motion to remand in a case that the Panel on Multidistrict Litigation transferred to the Northern District of Ohio)).

[18] *Id.*, citing *Foti v. Warner–Lambert Co., L.L.C.*, 2005 WL 2036920, *1 (E.D.La. Aug. 16, 2005) (granting a stay in part because "[i]n either forum (this Court or before the MDL panel), plaintiff will eventually have its motion to remand resolved.").

[19] Rec. Doc. No. 15.

[20] Any pending requested relief in Plaintiff's *Motion to Temporarily Stay Proceedings and Continue Plaintiff's Deadline to File Its Opposition to Defendant's Motion to Dismiss* (Rec. No. 29) is DENIED as moot.